UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL R. THEISEN, *et al.*,[1] | ) |
| | ) |
| Petitioners, | ) |
| | ) |
| v. | ) No. 4:22-cv-644 MTS |
| | ) |
| VALERIE HUHN, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of Michael R. Theisen's and Matthew E. Theisen's *pro se* filing of an application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Petitioners seek an order from the Court directing the Missouri Department of Mental Health to release them from confinement at the St. Louis Psychiatric Rehabilitation Center in St. Louis, Missouri. The Court will sever petitioner Matthew E. Theisen from this action and require petitioner Michael R. Theisen to amend his petition on a court form. Additionally, Michael R. Theisen will be required to set forth in his amended petition his efforts at exhausting his state administrative remedies with respect to his claims.

**Background**

In recounting the background in this action, the Court takes judicial notice of petitioners' prior filings in this Court, as well as the record from Missouri.Case.Net. *See Theisen, et al. v. State of Missouri*, No. 1:18-CV-253 CDP (E.D.Mo); *see also*, *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka*

---

[1] Petitioners Michael R. Theisen and Matthew E. Theisen attempt to bring this habeas corpus action together. An application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 cannot be brought jointly. Accordingly, the Court will sever the action into two separate actions.

*v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

In June of 2011, Michael and Matthew Theisen were en route from Fort Leonard Wood, Missouri, when they stopped at a Wal-Mart in Stoddard County, Missouri. The Theisen brothers were arrested for damaging a parked car with a shopping cart.[2] They were detained, charged with first-degree property damage, taken to the local police department, and questioned by police. The petitioners were then transported to Stoddard County Jail. *See State v. Theisen*, No. 11SD-CR00863-01 and 11SD-CR00872-01 (35th Judicial Circuit, Stoddard County Court); *State v. Theisen*, No. 11SD-CR00862-01 and 11SD-CR00873-01 (35th Judicial Circuit, Stoddard County Court).

After an altercation with Larry Gulley, a jail employee, and other Stoddard County deputies, plaintiffs were charged with felony assault on a law enforcement officer, as well as felony attempted escape. They alleged, in the case of *Theisen, et al. v. State of Missouri,* No. 1:18-CV-253 CDP (E.D.Mo), that they were then held at Stoddard County Jail without a hearing for almost a year, until May 29, 2012. At some point, they were informed that they did not qualify for a public defender, so their father retained an attorney on their behalf, W. Rance Butler. Plaintiffs asserted in *Theisen, et al. v. State of Missouri*, No. 1:18-CV-253 CDP (E.D.Mo) that without their input, Mr. Butler requested that Stoddard County Court deem the brothers mentally incompetent, although they had not had any competency issues prior to being at Stoddard County Jail. On May 30, 2012, plaintiffs were transferred to the custody of the Missouri Department of Mental Health and confined to Fulton State Hospital.

---

[2]The brothers were Privates First Class in the United States Army. It appears that they had left Fort Leonard Wood without leave.

In 2013, petitioners filed a civil rights lawsuit in this Court against Stoddard County and other state and county departments, Stoddard County Commissioner Greg Mathis, and individual employees of the Stoddard County Sheriff's Office, for alleged violations of 42 U.S.C. § 1983 and Missouri state common law arising from their detention and an alleged assault at the Stoddard County Jail. *See Matthew Theisen, v. Stoddard County*, No. 1:13-CV-32 CDP (E.D. Mo.). After pretrial rulings in the action, the case went to trial on May 15, 2017, on petitioners' claims against Larry Gulley for cruel and unusual punishment, breach of duty to protect, excessive force, battery, and negligence relating to assault. The jury returned a verdict in favor of Gully and against petitioners on May 18, 2017. Petitioners brought another case in this Court for legal malpractice against their retained attorney in their criminal case, W. Rance Butler. *See Theisen v. Butler*, 1:17-CV-84 JAR (E.D.Mo 2019). Defendant Butler was granted summary judgment against petitioners on April 17, 2019. *Id.*

State habeas corpus actions were filed on behalf of the Theisen brothers in Callaway County Court in 2017 through retained counsel. *See, e.g., Theisen v. Stringer,* No. 17CW-CV00246-01 (13th Judicial Circuit, Callaway County Court); *Theisen v. Stringer*, No. 17CW-CV-00230-01 (13th Judicial Circuit, Callaway County Court). Counsel asserted that petitioners' due process rights had been violated when their criminal attorney was ineffective in failing to cross-examine the doctor who found petitioners incompetent to stand trial. Petitioners' habeas attorney also asserted that counsel was ineffective for failing to elicit testimony from an expert on petitioners' mental states at the time they were found to be incompetent. Habeas counsel also argued that petitioners' rights had been violated because their forensic examiner failed to consider the reports of petitioners' treating psychiatrist who asserted that petitioners did not suffer from a

3

mental disease or defect. Nevertheless, petitioners appear to have been held by the Department of Mental Health since 2012. The cases were dismissed by the parties in April of 2018. *Id.*

On October 22, 2018, petitioners filed a handwritten, two-hundred-page civil complaint in this Court. *See Theisen, et al. v. State of Missouri*, No. 1:18-CV-253 CDP (E.D.Mo). Although filed as a "removal petition," the complaint actually asserted claims against numerous defendants relating to the date of petitioners' arrest in Stoddard County in 2011. Petitioners alleged that at some point during the day of their arrest, Matthew Theisen was raped by Stoddard County Jailor Larry Gulley. Matthew Theisen alleged that he tried to defend himself, a struggle ensued and inmates Chad Williamson and Mike Walker, who were not confined to their cells at the time, joined Gulley in attacking the brothers. Petitioners claimed that Michael was choked, rendered unconscious and confined to a jail cell. They further alleged that Matthew was raped by multiple individuals including Larry Gulley, inmates Walker and Williamson, and others. Petitioners also asserted that they were assaulted with a taser.

Because the allegations contained in the complaint appeared barred by petitioners' prior civil actions in Federal Court and because the only remedies sought were release from confinement, the Court ordered petitioners to amend their pleading on a court-provided form for the filing of § 2254 actions.[3] Petitioners were provided thirty (30) days to amend on a court-

---

[3]Prior to review of the case under 28 U.S.C. § 1915, the Missouri Department of Mental Health responded to petitioners' pleading. The Department of Mental Health asserted that the State found petitioners to be permanently incompetent on February 2, 2017, in their criminal actions. Thus, the State claimed that the criminal cases had been suspended and placed on an inactive docket pending further proceedings in Missouri Probate Court, pursuant to either Chapter 475 or Chapter 632 of the Missouri Revised Statutes. However, a review of Missouri.Case.Net reveals that, on March 6, 2020, petitioners were charged with new criminal actions in Stoddard County. *See State v. Matthew Theisen*, No. 20SD-CR00252 (35th Judicial Circuit, Stoddard County Court) and *State v. Michael Theisen,* No. 20SD-R00251 (35th Judicial Circuit, Stoddard County Court). A review of the criminal complaints, as well as the probable cause statements show that the charges relate to the June 14, 2011, altercation at the Stoddard County Jail. Thus,

provided form, as well as provide evidence that they had exhausted state court remedies with respect to seeking either conditional or unconditional or release. Petitioners failed to timely comply with the Court Order, and the action was dismissed pursuant to Federal Rule of Civil Procedure 41(b*). Theisen, et al. v. State of Missouri*, No. 1:18-CV-253 CDP (E.D.Mo).

**Petition**

As noted above, petitioners attempt to seek release from confinement from the Department of Mental Health by filing an application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 on one single court form. This practice is not allowed. The Court will sever petitioner Matthew E. Theisen from this action. A copy of the petition will be used to open a new habeas action on behalf of Matthew E. Theisen.

Furthermore, the petition is defective because it has not been drafted on a Court-provided form. *See* E.D. Mo. Local Rule 2.06(A). The Court will direct the Clerk of Court to send petitioner Michael R. Theisen the Court's form: "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody." Petitioner Michael R. Theisen will not be required to file a new motion to proceed in forma pauperis as he has paid the full $5.00 filing fee in this action.

Petitioner Michael R. Theisen is reminded that 28 U.S.C. § 2254(b)(1)(A) prohibits a grant of habeas relief on behalf of a person in state custody unless that person has exhausted the remedies available in the courts of the State. The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal law challenges to a state custodial judgment

---

it appears that the State of Missouri is appearing to resurrect the charges it once dropped against petitioners for assault, attempted escape and felonious restraint. Although warrants for petitioners' arrests were sworn on April 19, 2021, with the notations "no bond allowed," the warrants have not been served on petitioners. As far as this Court can ascertain, the petitioners are still being held as civil detainees pursuant to the findings of the Department of Mental Health in 2017 that they were permanently incompetent.

before the lower federal courts may entertain a collateral attack upon that judgment. *Duncan v. Walker*, 533 U.S. 167, 178B79 (2001). The requirement prevents a federal court from granting a habeas petition based on a constitutional violation that could be redressed adequately by pursuing an avenue of state relief still open to the habeas applicant at the time he files his application in federal court. *Humphrey v. Cady*, 405 U.S. 504, 516 (1972).[4] Therefore, petitioner Michael R. Theisen should set forth in his application for writ of habeas corpus his efforts at exhausting his state administrative remedies.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Matthew E. Theisen is **SEVERED** from this action.

**IT IS FURTHER ORDERED** that the Clerk shall open a new habeas action for Matthew E. Theisen with a copy of the petition filed in this action.

**IT IS FURTHER ORDERED** that the handwritten joint motion to proceed in forma pauperis [ECF No. 4] is **DENIED without prejudice. Petitioner Michael R. Theisen will not be required to file a new motion to proceed in forma pauperis as he has paid the full $5.00 filing fee in this action.**

---

[4]Although most of the cases defining the contours of the exhaustion requirement arise from challenges to state custody following criminal conviction, the Supreme Court's holding that exhaustion requires only a fair presentation that is satisfied by invoking one complete round of the State's established appellate review process, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), applies with equal force when a habeas petitioner seeks to challenge state custody pursuant to a civil commitment, *see Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir.2009). To satisfy the exhaustion requirement, a person confined in the Missouri State Hospital must apply for release, under Mo.Rev.Stat. § 632.498 before filing a petition for a writ of habeas corpus. Additionally, if the application for release is denied, the confined person must appeal to the Missouri Court of Appeals. *See, e.g., Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir.1991).

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail to petitioner Michael R. Theisen a copy of the Court's form "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody."

**IT IS FURTHER ORDERED** that petitioner Michael R. Theisen shall file an amended petition on the Court-provided form within **twenty-one (21) days** of the date of this Order. Petitioner is advised that his amended petition will take the place of his original petition and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that within the amended petition, petitioner Michael R. Theisen shall set forth, in detail, his efforts at exhausting his state administrative remedies with respect to his claims.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, the Court will dismiss this action without prejudice.

Dated this 6th day of July, 2022.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE